UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

RASHEED AKINSANYA,

        Petitioner,

   v.                                24-CV-732-LJV
                                            DECISION & ORDER

THOMAS BROPHY, et al.,

        Respondents.

———————————————————————

      Rasheed Akinsanya has been detained in the custody of the United States

Department of Homeland Security ("DHS") since April 2023—more than 17 months.

Docket Item 1 at 5.[1]  On August 5, 2024, Akinsanya filed a *pro se* petition for a writ of

habeas corpus under 28 U.S.C. § 2241, challenging the validity of his detention at the

Buffalo Federal Detention Facility in Batavia, New York.  Docket Item 1.  On September

23, 2024, the respondents answered the petition, Docket Item 6, and on October 3,

2024, Akinsanya replied.[2]  Docket Item 10.

      For the reasons that follow, this Court grants Akinsanya's petition in part.

---

[1] Page numbers in docket citations refer to ECF pagination.

[2] On September 12, 2024, Akinsanya moved to have the Court appoint counsel
for his habeas petition.  Docket Item 4.  Because the Court grants Akinsanya's habeas
petition in part, his motion to appoint counsel is denied as moot.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>[3]

Akinsanya is a native and citizen of Nigeria.  *See* Docket Item 6 at 2.  He entered the United States in 2013 on a non-immigrant visa.  *See* Docket Item 1 at 5.

On April 25, 2023, DHS issued a "Notice to Appear," charging that Akinsanya was subject to removal from the United States under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537.  Docket Item 6 at 2.  More specifically, DHS charged that Akinsanya was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, namely a conspiracy to commit wire fraud, *see* 18 U.S.C. §§ 1343, 1349, and aggravated identity theft, *see id.* § 1028A,[4] for a loss in excess of $10,000.  *See* Docket Item 6 at 2 n.2; *see also* Docket Item 1 at 5 ("I was served with a Notice to Appear . . . charging me with removability based on my conviction[] for [w]ire [f]raud and [c]onspiracy to commit wire fraud." (internal quotation marks omitted)).

Following multiple removal hearings, an immigration judge ordered Akinsanya's removal to Nigeria.  Docket Item 6 at 2.  Akinsanya appealed that order to the Board of Immigration Appeals ("BIA"), and Immigration and Customs Enforcement then ceased removal efforts.  *Id.*  The BIA dismissed Akinsanya's appeal on April 5, 2024.  *Id.*

---

[3] The following facts are taken from Akinsanya's petition, Docket Item 1, and the government's response, Docket Item 6.  The Court also takes judicial notice of Akinsanya's immigration proceedings.  *See Pina Morocho v. Mayorkas*, 2023 WL 1995283, at *3-4 (S.D.N.Y. Jan. 25, 2023) (taking judicial notice of petitioner's immigration proceedings in considering petition).

[4] The government's response indicates that Akinsanya was convicted of aggravated identity theft in violation of 18 U.S.C. § 102A.  Docket Item 6 at 2 n.2.  This appears to be a typo; the relevant statute concerning aggravated identity theft is 18 U.S.C. § 1028A.

Akinsanya has since filed a petition for review ("PFR") with the United States Court of

Appeals for the First Circuit, *see Akinsanya v. Garland*, Case No. 24-1412 (1st Cir.

2024), and Akinsanya's removal is currently stayed pending decision on his petition.  *Id.*

at 2-3; *see also* Docket Item 1 at 12 ("[I] was granted [a] stay of [r]emoval by the First

Circuit in June 2024.").  Oral argument on Akinsanya's PFR was scheduled to occur on

October 9, 2024, but this Court has not yet received news of that case's disposition.

*See* Docket Item 6 at 3.

## DISCUSSION

28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus

whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of

the United States.'"  *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28

U.S.C. § 2241(c)(3)).  Akinsanya argues that his continued mandatory detention under 8

U.S.C. § 1226(c) violates his right to due process.  *See* Docket Item 1 at 5.  He

therefore asks this Court to issue a writ of habeas corpus and order either his release

from custody or "a bond hearing where the [r]espondent[s] bear[] the burden to prove by

clear and convincing evidence that [his] continued detention is necessary to prevent

flight or danger to the community."  *Id.* at 6.

In light of the Second Circuit's recent decision in *Black v. Decker*, 103 F.4th 133

(2d Cir. 2024), the government all but concedes that this Court is bound by that

precedent to grant the petition insofar as it requests a bond hearing.  Indeed, the

government says that applying *Black* to Akinsanya's petition would "likely lead this Court

to order that [Akinsanya] receive a bond hearing before an immigration judge, at which

time the government must show by clear and convincing evidence that [Akinsanya]'s continued detention is warranted."  Docket Item 6 at 1.

The government is correct.  First, this Court is indeed bound by *Black*.  Second, applying *Black* to Akinsanya's petition leads the Court to order that he receive an individualized bond hearing before an immigration judge.  But in light of the dearth of district court cases applying *Black* and its relative recency, a brief explanation of its holding and its bearing on Akinsanya's petition is warranted.

In *Black*, the Second Circuit addressed appeals arising from two habeas petitions filed by legal permanent residents detained under section 1226(c) without bond hearings, one for a period of seven months and the other for twenty-one months.  103 F.4th at 137-38.  On an appeal that involved both petitions (one which had been granted by the district court and the other denied), the Second Circuit considered whether "unreasonably prolonged detention under section 1226(c) without a bond hearing" violates a "noncitizen's constitutional right to due process."  *Id.*

After finding that "due process bars the Executive from detaining [noncitizens] for an unreasonably prolonged period under section 1226(c) without a bond hearing," the Second Circuit held that courts should apply the balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), "to assess, case by case, whether an individual's prolonged section 1226(c) detention violates due process."  *Black*, 103 F.4th at 143, 150.  The court thus rejected "a bright-line constitutional rule requiring a bond hearing after six months of detention—or after any fixed period of detention."  *Id.* at 150.  Instead, the court directed district courts to "determin[e] when and what additional procedural protections are due" by applying to the petitioner's unique situation the three factors

4

from *Mathews*: "(1) 'the private interest that will be affected by the official action'; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'; and (3) 'the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'"[5]  *Black*, 103 F.4th at 138, 151 (quoting *Mathews*, 424 U.S. at 335).

        The Second Circuit concluded that all three factors weighed in favor of both petitioners.  *Id.* at 151-55.  As the government apparently acknowledges here, the facts underlying the Second Circuit's analysis of each *Mathews* factor closely resemble those in Akinsanya's petition.  Docket Item 6 at 3-4 ("[T]he government acknowledges that this Court is bound by *Black* and that applying *Black* in this case likely would lead to a grant of the habeas petition.").  Therefore, and as explained below, applying *Black* means granting Akinsanya's petition.

        Under the first *Mathews* factor—the private interest affected by the official action—the Second Circuit concluded that the length of the two petitioners' detention resulted in the first factor weighing "heavily in favor of" the petitioners.  *Id.* at 152.  Here, as the government itself notes, Akinsanya has already been detained for more than seventeen months, ten months longer than one of the petitioners in *Black*.[6]  Docket Item

_____

        [5] Akinsanya cites caselaw identifying the period of time at which detention without a bond hearing becomes unreasonable.  Docket Item 10 at 3.  But the Court need not specifically determine the period of time at which Akinsanya's petition without a bond hearing became unreasonable.  Because Akinsanya has been detained for significantly longer than one of the *Black* petitioners who was granted a bond hearing, a straightforward application of that case compels the conclusion that his detention has been unreasonably prolonged.  *See Black*, 103 F.4th at 137-38, 159.

        [6] In its response to Akinsanya's petition, the government notes that following the dismissal of Akinsanya's BIA appeal in April 2024, the authority for his detention shifted

6 at 3.  Although the government argues that Akinsanya has prolonged his own detention through his PFR in the First Circuit, *id.* at 3-4, that argument ignores the fact that "[t]he private interest here is not liberty in the abstract, but liberty *in the United States*."  *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999).  Indeed, as this Court has observed with respect to other petitioners, Akinsanya's interest in liberty *in the United States* must indeed be strong for him to subject himself to prolonged detention during the appeals process, which can be lengthy.  *See, e.g.*, *Fremont v. Barr*, 2019 WL 1471006, at *6 n.7 (W.D.N.Y. Apr. 3, 2019) (Vilardo, J.) ("[N]o rational person would subject himself or herself to unreasonably prolonged detention in a jail-like detention facility unless that person's liberty interests in remaining in the United States are quite strong.").

In analyzing the second *Mathews* factor, the Second Circuit noted "the almost nonexistent procedural protections in place for section 1226(c) detainees."  *Black*, 103 F.4th at 152.  That certainly is true for Akinsanya, who has never had a hearing on his continued detention and for whom section 1226(c) prohibits even the opportunity to challenge whether he is actually a flight risk or danger.  *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  So just as the second *Mathews* factor weighed in favor of the petitioners in *Black*, it also weighs in Akinsanya's favor.

Finally, *Black* found that the government has legitimate and important interests in ensuring the appearance of noncitizens at proceedings and "protecting the community

---

from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a)(2).  Docket Item 6 at 2.  But this authority shifted back to section 1226(c) in June 2024 when the First Circuit stayed Akinsanya's removal.  *Id.* at 3.  The effect of this shift is thus limited, as the approximately 15 months that Akinsanya has so far been detained under section 1226(c) still far outstrips the seven months that one of the *Black* petitioners had been detained prior to his petition.

from noncitizens who have been involved in crimes that Congress has determined differentiate them from others." 103 F.4th at 153. But the court then noted that the additional procedural safeguard of an individualized bond hearing, where an immigration judge would assess whether the noncitizen poses a flight risk or danger, satisfied those interests. *Id.* at 153-54. Therefore, and in light of the likely costs saved by reducing unnecessary detentions, the Second Circuit found that the third factor also weighed in favor of the petitioners. *Id.* at 153-55. In response to Akinsanya's petition, the government has not articulated any unique issues that might arise from granting him an individualized bond hearing,[7] and so the third *Mathews* factor likewise weighs in his favor.

In sum, all three factors weigh in favor of granting Akinsanya's petition. In deference to the legitimate government interests described in *Black*, however, this Court will decline to grant Akinsanya's first proposed remedy: ordering his immediate release. *See* Docket Item 1 at 6. As the Second Circuit noted in *Black*, an individualized bond hearing where the government bears the burden of justifying the petitioner's continued detention by clear and convincing evidence is the proper remedy in cases of unreasonably prolonged detention under section 1226(c). *See Black*, 103 F.4th at 155-59. Therefore, consistent with *Black*, the Court concludes that due process entitles Akinsanya to an individualized bond hearing by an immigration judge where the

---

[7] Akinsanya does not dispute that he has been convicted of an aggravated felony. *See* Docket Item 1 at 15. However, he represents in his petition that he has neither any further criminal history nor any disciplinary issues during his periods of detention, *id.*, and the government has introduced no evidence to dispute this.

government must show, by clear and convincing evidence, that his continued detention is necessary.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that **within 14 calendar days of the date of this decision and order**, the government must release Akinsanya from detention unless a neutral decisionmaker conducts an individualized hearing to determine whether his continued detention is justified; and it is further

ORDERED that at any such hearing, the government has the burden of demonstrating by clear and convincing evidence that Akinsanya's continued detention is necessary to serve a compelling regulatory purpose, such as minimizing risk of flight or danger to the community. Whether detention is necessary to serve a compelling regulatory purpose requires consideration of whether a less-restrictive alternative to detention would also address the government's interests. In other words, the decisionmaker must find that no condition or combination of conditions of release can reasonably ensure Akinsanya's appearance and the safety of the community—that is, even with conditions, Akinsanya presents an identified and articulable risk of flight or a threat to an individual or the community; and it is further

ORDERED that the immigration judge must consider Akinsanya's ability to pay when setting any bond amount; and it is further

ORDERED that **within 30 days of the date of this decision and order** the government shall file an affidavit certifying compliance with this order. That affidavit should include a copy of the bond hearing order; and it is further

ORDERED that Akinsanya's motion for the appointment of counsel, Docket Item

4, is DENIED without prejudice as moot.


SO ORDERED.

Dated:        October 11, 2024
              Buffalo, New York


                                         /s/ Lawrence J. Vilardo
                                        _____
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE